UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA J. SIMMONS-POLLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-CV-1100 RWS |
| | ) |
| DANIEL KEEN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Joshua J. Simmons-Pollard, a pretrial detainee at St. Charles County Department of Corrections, for leave to commence this civil action without prepayment of the required filing fee. ECF. No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $21.80. Additionally, for the reasons explained below, the Court will dismiss this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his inmate account statement. ECF No. 3. A review of plaintiff's account indicates an average monthly deposit of $109.00 and an average monthly balance of $16.03. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $21.80, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

On September 2, 2021, self-represented plaintiff filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. At all times relevant to his complaint, plaintiff was a pretrial detainee incarcerated at the St. Charles County Department of Corrections (the "Jail"). Plaintiff sues three defendants in their official and individual capacities: Daniel Keen (Jail Administrator); John Doe 1 (Assistant Jail Administrator); and John Doe 2 (Segregation Unit Supervisor).

Plaintiff states he arrived at the Jail on April 13, 2021. Three months later, on July 13, 2021, he was placed on a "high security restriction." Since this placement, plaintiff alleges he is prevented from accessing paper, books, envelopes, or personal mail from his family. Plaintiff affirms, however, that he is allowed a Bible or Quran, and can obtain "legal work" and mail from the court and his attorney. Plaintiff alleges the only telephone in his unit is a speaker phone, which makes him unable to have private conversations with his attorney. Plaintiff further complains he is permitted one hour of outside recreation on Mondays through Thursdays, but on Fridays and Saturdays he is subject to a 24-hour lockdown. Plaintiff states the Jail Handbook requires individuals in disciplinary segregation to have one hour per day for "personal hygiene, exercise, and phone calls," but this rule is not being followed by defendants.

For relief, plaintiff seeks an injunction with an order "to place a phone [i]n the unit with a receiver to make private attorney phone calls," compensatory damages in the amount of $25,000, and punitive damages in the amount of $20,000.

## Discussion

Having carefully reviewed plaintiff's complaint, the Court concludes that the instant action must be dismissed as legally frivolous and/or for failure to state a claim upon which relief may be granted.

### A. Official Capacity Claims

Naming an official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). An official capacity suit is a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff alleges the three defendants are employees of the Jail. Such claims are subject to dismissal because a jail is not a suable entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983).

To the extent St. Charles County employs the defendants, plaintiff's complaint fails to state a municipal liability claim. Municipal liability is established if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an

extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of St. Charles County.

"Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, the plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, a plaintiff can show municipal liability by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar

constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Here, plaintiff's complaint does not provide any factual allegations to support a municipal liability claim against St. Charles County. Plaintiff points to no facts tending to show that an official of St. Charles County made a deliberate choice to institute an official policy that is either unconstitutional on its face or in its implementation. To the contrary, the only policy plaintiff refers to is the Jail Handbook which provides that inmates in disciplinary segregation are to be permitted one hour of recreation time per day. Plaintiff does not allege this policy is unconstitutional but, instead, complains that the policy is not being followed by defendants on Fridays and Saturdays.

Plaintiff also has not provided any factual allegations to support the contention that St. Charles County violated his constitutional rights due to an unofficial custom. In order to demonstrate that a municipality has an unofficial custom, plaintiff must show a widespread pattern of misconduct, that policymaking officials were deliberately indifferent to or tacitly authorized the misconduct, and that the custom was the driving force behind the constitutional violation. *Johnson*, 725 F.3d at 828. Plaintiff has not shown the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct," much less that officials were deliberately indifferent to or tacitly authorized such misconduct. His allegations, rather than indicating widespread misconduct, focus on things that have happened to him, and are insufficient to show they were the result of a custom on the part of St. Charles County.

Similarly, plaintiff has not shown a "pattern of similar constitutional violations by untrained employees," which is necessary to demonstrate a failure to train. Instead, as noted above, his allegations relate to his own experience, and do not show the existence of a pattern of conduct at the Jail.

Because plaintiff has not alleged facts showing an unconstitutional policy, custom, or failure to train on the part of St. Charles County, he has not stated a municipal liability claim. Therefore, plaintiff's § 1983 action against defendants in their official capacities must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B. Individual Capacity Claims**

At the time of the events giving rise to his complaint, plaintiff was a pretrial detainee at the St. Charles County Department of Corrections. Plaintiff, as a pretrial detainee, has the right to be free of cruel and unusual punishment. Although "the Eighth Amendment has no application" until there has been a "formal adjudication of guilt," the Fourteenth Amendment gives pretrial detainees rights that are at least as great as the Eighth Amendment protections available to convicted prisoners. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Therefore, the Court's analysis regarding the constitutional duties imposed by the Eighth Amendment equally applies to plaintiff's time as a pretrial detainee under the Fourteenth Amendment.

The United States Supreme Court has determined that inmates have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To establish a conditions of confinement claim under the Eighth Amendment, an inmate must demonstrate (1) the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and (2) the defendant whose act or omission caused the alleged constitutional deprivation behaved with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). With

respect to the "civilized measure of life's necessities," prison officials are required to ensure that inmates receive adequate clothing, food, shelter, and medical care. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (citing *Farmer*, 511 U.S. at 832).

Here, plaintiff complains about unfair conditions of disciplinary confinement, including lack of access to a private phone, books (other than the Bible or Quran), paper, envelopes, personal mail, and limited recreation time. These allegations pertaining to his conditions of confinement simply do not rise to the level of Eighth Amendment violations. *See Coe v. Dysinger*, Case No. 1:20-CV-69 DDN, 2020 WL 3791536, at *10 (E.D. Mo. July 7, 2020), *aff'd*, 2020 WL 8262231 (8th Cir. 2020) ("lack of access to phone, recreation time, limited property, and book pass restriction" are not conditions which deny an inmate "of the minimal civilized measure of life's necessities from a deliberate indifference to plaintiff's health and safety"); *Wishon v. Gammon*, 978 F.2d 446 (8th Cir. 1992) (out-of-cell recreation time of 45 minutes per week did not violate Eighth Amendment rights of inmate assigned to protective custody unit); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (a limitation of three hours per week of recreation time did not amount to a constitutional violation). *Whitaker v. Sullivan*, Case No. 3:21-CV-1061, 2021 WL 4198178, at *3 (N.D. Ohio Sept. 15, 2021) (allegation that the only telephone available was a speaker phone is one of mere discomfort or inconvenience, not a constitutional violation).

Plaintiff further alleges the defendants have violated the Jail Handbook, which entitles individuals in disciplinary segregation to one hour of out-of-cell time. This claim does not state a constitutional violation. An inmate has a liberty interest in the nature of his confinement, but not an interest in the procedures by which the state believes it can best determine how he should be confined. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (1996). As such, "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Even assuming the Jail violated

its own policies, such a violation does not bestow upon plaintiff a substantive constitutional right. Therefore, this allegation fails to state a claim.

Although plaintiff alleges that he has been denied papers and personal mail, he explicitly states he is allowed access to "legal work" and mail from the court and his attorney. Plaintiff does not allege he has been denied contact with his lawyer, instead, he complains he must speak with his lawyer on a speaker phone. To any extent plaintiff is attempting to bring an access to courts claim, it fails. *See Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the inmate's] access to filing a complaint, or caused a filed complaint to be deficient, [the inmate's] alleged injuries are merely speculative."). Plaintiff has not pled sufficient facts to support that his inability to have a private phone call with his attorney impeded his ability to assert a nonfrivolous legal claim in court. *See Odom v. Kaizer*, Case No. 1:07-CV-019, 2009 WL 2709395, at *9 (D.N.D. Aug. 24, 2009), *aff'd sub nom*, *Odom v. Burleigh Cty. Det. Ctr.*, 369 F. App'x 767 (8th Cir. 2010) (denial of a private phone call with an attorney fails to state a claim when plaintiff does not demonstrate an actual injury or prejudice).

Moreover, plaintiff has failed to make a direct allegation against any of the three defendants whom he identifies as the Jail Administrator, the Jail Segregation Unit Supervisor, and the Assistant Jail Administrator. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Rather, in a 42 U.S.C. § 1983 case, liability is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (claim not cognizable under § 1983

where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir.1995) (respondeat superior theory inapplicable in § 1983 suits). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff has not set forth any facts indicating how each of the three defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Plaintiff complains of his restrictions in the segregation unit without any mention of the defendants and their involvement. Plaintiff has not articulated any claims against the defendants in his complaint, let alone established a link between their actions and an alleged deprivation of his rights. As a result, the complaint fails to state a claim upon which relief can be granted against these three defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $21.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir.1995) (respondeat superior theory inapplicable in § 1983 suits). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff has not set forth any facts indicating how each of the three defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Plaintiff complains of his restrictions in the segregation unit without any mention of the defendants and their involvement. Plaintiff has not articulated any claims against the defendants in his complaint, let alone established a link between their actions and an alleged deprivation of his rights. As a result, the complaint fails to state a claim upon which relief can be granted against these three defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $21.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of September, 2021.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE